**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1249**

_____

JOSE ISRRAEL GONZALEZ VEGA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  October 31, 2022                          Decided:  November 9, 2022

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**   Sandra Greene, GREENEFITZGERALD ADVOCATES AND CONSULTANTS, York, Pennsylvania, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Ilana J. Snyder, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Isrrael Gonzalez Vega, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision denying his application for cancellation of removal as a matter of discretion. We dismiss the petition for review.

The Attorney General "'may cancel removal'" of an applicant who meets four statutory criteria: 1) at least 10 years of continuous physical presence in the United States, 2) good moral character during that 10-year period, 3) no convictions for certain offenses, and 4) removal would result in an exceptional and extremely unusual hardship to the applicant's qualifying relative. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021); *see also* 8 U.S.C. § 1229b(b)(1). "However, even if the applicant satisfies these four statutory requirements, the Attorney General still retains the discretion to deny an application for cancellation of removal." *Id.* (footnote omitted).

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," we lack "jurisdiction to review any judgment regarding the granting of relief under . . . [§] 1229b," which is the provision governing cancellation of removal at issue in this petition. Notwithstanding, we retain jurisdiction to decide a challenge to the discretionary denial of cancellation of removal if that challenge presents a colorable constitutional claim or question of law that satisfies the exception in 8 U.S.C. § 1252(a)(2)(D) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for

review filed with an appropriate court of appeals").  *See Gonzalez Galvan*, 6 F.4th at 558 (discussing § 1252(a)(2)(D)).

With respect to the discretionary determination, we reiterated that "when an applicant meets the statutory eligibility requirements for cancellation of removal, we plainly lack jurisdiction to review the ultimate discretionary action taken on his application," except as authorized by § 1252(a)(2)(D).  *Id*.  Here, the Board agreed with the IJ that Gonzalez Vega's application for cancellation of removal failed as a matter of discretion.  We lack jurisdiction to review the discretionary denial of relief unless Gonzalez Vega's challenge to that discretionary denial is in the form of a colorable constitutional claim or question of law.

Gonzalez Vega does not assert a reviewable constitutional claim or question of law relating to the discretionary denial of relief.  We thus lack jurisdiction to review the Board's decision agreeing with the IJ that Gonzalez Vega was not entitled to cancellation of removal as a matter of discretion.  And because that discretionary determination is dispositive as to Gonzalez Vega's petition for review, we dismiss the petition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

3